**DAVID LERNER ASSOCIATES, INC., Plaintiff–Appellant,**

v.

**PHILADELPHIA INDEMNITY INSURANCE COMPANY, Defendant–Appellee.**

No. 13–1612–cv.

United States Court of Appeals, Second Circuit.

Nov. 21, 2013.

Kenneth I. Schacter, Bingham McCutchen LLP (Deana K. El–Mallawany, Dina R. Kaufman, on the brief), New York, N.Y., for Appellant.

Kirk C. Jenkins, Sedgwick LLP, Chicago, IL (Andrew T. Houghton, Sedgwick LLP, New York, N.Y., on the brief)., for Appellee.

Present: ROSEMARY S. POOLER, REENA RAGGI, RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

David Lerner Associates, Inc. ("DLA") appeals from the March 29, 2013 memorandum and order of the United States District Court for the Eastern District of New York (Bianco, *J.*), granting the motion to dismiss DLA's complaint alleging breach of contract and seeking a declaratory judgment that Philadelphia Indemnity Insurance Co. ("Philadelphia") is obligated to defend and indemnify DLA against certain complaints asserted against it. *David Lerner Assocs., Inc. v. Philadelphia Indem. Ins. Co.*, 934 F.Supp.2d 533 (E.D.N.Y.2013). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We affirm. The claims for which DLA seeks coverage fall within the professional services exclusion of the policy at issue. Courts defining insurance policy terms should keep in mind that under New York law the "insurance policy should be read in light of common speech and the reasonable expectations of a businessperson." *Parks Real Estate Purchasing Grp. v. St. Paul Fire & Marine Ins. Co.*, 472 F.3d 33, 42 (2d Cir.2006). As the district court recognized, the standard test for professional services is whether the employees acted with the "special acumen and training of professionals when they engaged in the acts...." *Gen. Ins. Co. of Am. v. City of N. Y.*, No. 04–Civ–8946, 2005 WL 3535113, at *5 (S.D.N.Y. Dec. 23, 2005); *see also Reliance Ins. Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 262 A.D.2d 64, 691 N.Y.S.2d 458, 460 (1st Dept.1999). Courts applying New York law have found professional services exclusions barred coverage for acts committed by employees of a life insurance company, *Westchester Fire Ins. Co. v. Metro. Life Ins. Co.*, 280 A.D.2d 331, 721 N.Y.S.2d 14, 15 (1st Dept. 2001); a claim "based upon the failure to properly handle an insurance claim," *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Ambassador Grp., Inc.*, 157 A.D.2d 293, 556 N.Y.S.2d 549, 553 (1st Dept.1990); and allegations that the staff of a nursing home falsified patient records. *Hollis Park Manor Nursing Home v. Landmark Am. Ins. Co.*, 803 F.Supp.2d 205, 209 (E.D.N.Y. 2011).

As the district court here properly found, "the actions alleged in the underlying complaints ... against DLA are 'professional services.' To perform due diligence on [securities] and market those securities, individuals are employed in an occupation, they rely on specialized knowledge or skill, and the skill is mental rather than physical." *DLA*, 934 F.Supp.2d at 543.

We have examined the remainder of DLA's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.